Good morning to the court. My name is Brenda Dabdue, and I represent Ms. Hernandez-Castro in this matter. The issue before the court is whether or not Ms. Hernandez-Castro received the benefit of the plea agreement that she bargained for. Why isn't the issue instead whether the government breached the plea agreement? Because you have a plea waiver, an appeal waiver. And so unless you can show that the government breached the agreement, this issue has been waived, correct? No, Judge. I believe that what happened in this case is we have a specific type of plea, a Rule 11C1C plea. And a particular procedure needs to happen at the sentencing in order for the defendant to know what's happening. So we received an 11C1C plea. That plea basically says the court is bound to what the government — Yeah, no, and I think we all understand the record here. My question is, given that you have a plea waiver, an appeal waiver, our cases seem to say that appeal waiver means that we can't consider your contentions on appeal unless there was some breach of the government by the plea agreement. And I take it from your briefs you argue that the breach was that the government didn't stand up and correct the judge when he made a mistake, right? That's correct. Okay. Tell me why that's a breach of the plea agreement. Okay. The plea agreement, and this is what is somewhat confusing, is the way the plea agreement is written, we have at the very top of the plea agreement the specific reasons for the reductions to get us to the guideline offense or the total offense level. And in those specific — that's what — You're arguing that the government, when the judge said I'm only going to give two — I'm going to give a two — only going to give a two-level credit, if you will, for cooperation, they should have said, oh, no, we stipulated to four. I understand that argument. Here's my problem. Nobody objects. Everybody just sits there and says fine, and you eventually get a sentence. What would have happened — what do you think the government should have done had you objected? Indicate to the — refer the court back to the plea agreement and say that this was a four-level departure. Okay. But your contention is that the government breached its agreement by not standing up and correcting the judge absent objection. Well, I think the government carries a very high burden and has to strictly comply with the terms that we agreed to. And in this particular case — Well, you got the sentence you agreed to. We did not get the sentence. Actually, less than the sentence you agreed to. We did not. And this is the problem with the plea agreement that I was alluding to. We have on the top a plea agreement that tells us how we're going to get to a particular level. So if you look at the plea agreement, it says, for the following reasons, you're going to be at offense level 25 or offense level 27. It has a little star, and it says, however, this requires — the minus 2 for safety valve requires that we qualify for safety valve. When you go down to the actual range, you see, first we've got to calculate, and I think in a new case that was just before this Court and filed on, I think, September 15, Rosales-Gonzalez. It's kind of the same issue there, but it's an 11C1B plea. But you got the 25. The judge gave you the 25, and then a separate — a separate reduction was made that nobody fights about. The judge gave you the 25 and gave you a sentence below the plea range, but certainly at the bottom of it for purposes of our discussion. So how — how did the government breach its agreement with you? The government didn't breach — didn't say, we'll recommend a sentence below this, below 25. It said, we'll recommend a sentence at 25 if you qualify for the safety valve, which you did. Didn't they — didn't they carry out their agreement? They didn't, Judge. This is the reason. We specifically negotiated four levels off for fast track. So we didn't get the four levels off for fast track, and that was the whole incentive for going forward with that particular plea agreement. But they specifically negotiated a two-level credit upwards, if you will, for something that the judge didn't give them. So they didn't get what they negotiated for. You didn't get what you negotiated for. Do you want to go back and try the case? Judge, I would have to speak to my client about that. Initially, we — What you're asking us to do is tell them to give a lower sentence. I don't think — That is — that is — I don't think we can do that. Well, okay. The court could go back and take away the — or add the two levels if it was a legal sentence. My position here is that we bargained, and in my brief we indicate in there, Rosa did bargain and agree to the two-level enhancement for use of a minor. However, it was — it couldn't be done by the court. It was not proper. So we lost that benefit. We actually should have been reduced two levels more, but they made it up in the four-level fast track. And I think that's a good argument to make to the district judge, but nobody ever did. So we're here on plain error review, and I think you've got to convince us that in this confused thing where the judge said something wrong or didn't say something wrong, the government should have leapt up and said, Judge, you're wrong. You should be sentencing — you should be taking this outside the range that our plea agreement dealt for in the first place. So when I look at the language of the plea agreement and it says, you know, the parties agree that this — these are the appropriate guidelines calculations. And so one of the questions that we look at for plain error is, was the breach obvious? So was it obvious that the district court, who apparently was quite willing to give what was in the plea agreement but apparently misspoke and said it was a two-level downward departure for early disposition, was that an obvious breach? And if so, why was that breach obvious? Judge, it wasn't obvious because I couldn't figure out when I filed my Rule 35 motion, I knew that the appropriate level where she should have been sentenced was a 21. If, in fact, we got the four levels off for a fast track and two levels off for safety valve, I knew we were off. But I couldn't tell why. And so — Couldn't you tell from the pre-sentence — we keep talking about the judge making this mistake, and ultimately it is the judge's mistake, but wasn't this all set out in the pre-sentence report? Isn't that where the mistake occurred, if you want to call it that occurred? Well, I would agree with the Court that — But if you just looked at the pre-sentence report, you can tell exactly what happened. You can't really. When I've looked at it again, the pre-sentence report indicates that the four-level departure is under a 5K3, which if you have a 5K3 departure on an 11C1C, it's not up to the judge to decide whether to give that or not. So the PSR didn't have anything when I looked at it on that four-level departure. Is that right? That's correct. It didn't have that. But you just said, look, you were there from what you're saying. You didn't immediately see that there was a breach of the plea agreement. So if the breach wasn't obvious, how can we say that the district court plainly erred in its determination? Because we brought it before the Court again, and we said there's an error here. But you framed it in a different way. You said the plea agreement should have been retroactively changed because the PSR said use of a minor wouldn't work. And the district court said, no, I can't agree to a retroactive change. So you didn't raise this specific issue to the district court. I didn't raise it. And I would like to reserve a little bit of time for rebuttal. I'm sorry. I'll answer this question, and then I will stop. We didn't raise this issue with the district court appropriately because we weren't able to tell how the district court landed at the level that they indicated. That's why I was saying it's important for the judge to let us know clearly in court, this is how I'm getting to this offense level, and this is how I'm sentencing you. First of all, accepting the plea agreement, which wasn't clearly accepted on the record and didn't indicate I'm denying the two levels that's listed in the plea agreement. If we have a clear procedure from the Court, we'll know exactly. We didn't know until we received the transcripts, and I think the government is in agreement with this, how the Court arrived at their offense level. And I think — I know you want to save time for rebuttal, and I think Judge Rucuda will give you an extra minute. So think about this question. Assume you're right. The government never agreed to a sentence below 25, except for the adjustment at the end. So doesn't that mean the plea agreement is vacated and you have no deal at all? If you're right, think about it. I'll think about that, yes. Thank you, Judge. Good morning, Your Honor. May it please the Court. I'm Chris Cabanillas on behalf of the District of Arizona. The government would ask this Court, number one, to dismiss this appeal because she waived a right to appeal. The plea waiver provision is clear that if you're sentenced within the stipulated range or below it, you waived your right to appeal. So that's number one. Number two, I think Justice Hurwitz has hit the nail on the head when it comes to the actual plea agreement. An Arizona mistake. There's no justice here. I would respectfully submit that what we had is a negotiated offense level 25 and a negotiated range of 57 to 71 months. But the plea agreement is pretty clear that the government says this is appropriate, a four-level downward departure for early disposition government savings. And although it doesn't say the government will recommend, it's pretty clear that implicitly the government agreed to recommend that. And when the district court says, okay, a two-level downward departure for this 5K3.1, isn't it the government's obligation under our case law to jump up and say, well, actually, Your Honor, the plea agreement said a four-level downward adjustment? Wasn't that a breach of that provision of the plea agreement? I would respectfully disagree for this reason, Your Honor. And I think it gets to the question of what the parties bargained for. And the parties bargained for that offense level 25 if she's safety valve eligible. Kagan. They also bargained for these guideline calculations. The exact same language is used. Correct. And then when the plea agreement. So why isn't that a breach of that provision of the plea agreement when the government didn't jump up and correct the district court's apparent error? Because I think that the district court didn't err because the district court applied the 57 to 71-month range in the plea agreement. No, but the district court was plainly wrong in saying, I'm granting your motion again for a two-level reduction, correct? You never made such a motion. I think that the court was reading the plea agreement and seeing the PSR say the plea agreement calls for 57 to 71-month range. And I think the court, that's where the court got the two levels. I think we all know how. I think everybody realizes that's what happened. Yes. It was a mistake. Everybody went to the bottom line. Yes. But the plea agreement also says you're going to make a motion for four levels. And as I read the record, you never actually made any motion, period, right? When the court said you grant the motion, there was no motion made, correct? Not at sentencing, no. So what I think happened is you had a defense counsel who was there who also recognized that the court was starting at the right place, 57 to 71 months. And what you had was the plus 2. I mean, the defense counsel's failure makes this plain error. Correct. But the government still has to explain why it didn't breach that part of the plea agreement. And as I understood the brief, it said, well, there wasn't any, it was harmless. It didn't make a difference because she got the bottom line of what we had agreed to. But I think the argument of opposing counsel is, yes, the bottom line, but we would have gotten below that because the district court threw out the use of the minor upward adjustment. And I think where the government was on that below in the response was just if you're going to give the, if we look at those calculations and we were to say, okay, you have four levels off, she also negotiated for the plus 2 and her pleadings say that so we'd end up at the same spot. I know, but the judge threw out the plus 2 and you knew it. So my question is when the judge makes an obvious error like that, the judge says I'm granting your motion for a two-level downward adjustment when you've, you didn't move for one, but you agreed in the plea agreement to a four-level downward adjustment. Do you have the obligation of standing up and saying to the judge, I'm sorry, judge, that's a mistake. We agreed to four. And kind of seems to me like that's a reasonable thing. In an ideal world, I think what you have is a correct answer. So then my question is what happens here? The judge says, okay, you agreed to four. I'm going to take this sentence outside the plea agreement. It wasn't, though. It wouldn't. Like, in other words. No, he didn't say that. Yeah. I'm asking what happens in a case like this. It says we'll take it two levels below the plea agreement to a 23 and then the other two to a 21, but those are not in dispute. Is the government then bound by the agreement? Here's where I think that the argument is. That because there was a range of 57 to 71 months, that provided the starting point for the trial court judge. Trial court judge then had the ability. You know, you don't see this in a lot of plea agreements, but our plea agreement has that variance language. And that language allows the defendant to argue for less than that range, and she got two levels off, and the government didn't object. Right. And we're not fighting about this. But also the district court, the defendant argued for 24 months. The district court was fully aware that it had the discretion under the plea agreement to sentence even that low, or even lower. There was no floor to this agreement. So the question becomes, do you, on plain error review, because if there is a question of breach here, then the question becomes, number one, can the defendant show that reasonable probability that she would have gotten a different sentence? I submit to you the district court's comments in response to the Rule 35a motion. The district court said, hey, you're speculating. And that's Gonzalez's. But the answer to the question I asked, I think, is that it wouldn't have breached the plea agreement for the judge to sentence her below the agreed range, even without the other two, because you left her, you left that open. That's why there's also, I would submit, the argument why the government is saying there was no breach because we got to the range the parties negotiated. And that's where the waiver comes in, too. You have the paragraph 10 that says the sentencing range is 57 to 71. Then you have the waiver that says we agree that she waives her right to appeal if she's within the stipulated range or below it. Scalia. As long as the government doesn't breach its agreement. And so the real question is, did you breach your agreement? Kagan. Could the government have withdrawn when the district court determined that the use of the minor to avoid detection enhancement threw it out? Under the plea agreement, could the government have withdrawn from the plea agreement at that point? Probably when the court decides, though, it's 57 to 71, the government would not have withdrawn at all, because that's the point. Well, as a practical matter, but as a contractual matter, did the government have the right to withdraw? If it thought the agreement wasn't being followed. But I don't think that's what the government thought here. The government thought here that the range was correct, 57 to 71. It's specifically stated in the plea agreement. The defendant has that right to argue for a variance all the way down to zero, apparently, under the plea. And the district court then heard all of the arguments of counsel. The district court said specifically, I have listened to all of the arguments of mitigation, and in my discretion, I'm choosing not to sentence below 46 months. The court had already applied a variance, and the court said that to the extent the defense is contending I'd have done anything else, even if the range was 37 to 46, that's speculation. Does the plea waiver cover the Rule 35? In other words, even if they – even if the defendant waived his right to attack the plea, don't we review the judge's Rule 35 denial? To the extent that the defendant is claiming on appeal that she should be resentenced, that's covered by the waiver and it's – and it should be dismissed. Even if the judge takes up the Rule 35 on its merits and says – see, you're citing the Rule 35 as substantive evidence that there's no prejudice here, so it seems to me – Even so, Your Honor, because that waiver is clear. You cannot appeal your sentence if you're sentenced within the stipulated range or below it. And that's another reason why we would respectfully submit there was no breach here, because we had the 57 to 71 month and offense level 25 that defense counsel referred to that was adhered to. What you had is the court not giving the two levels and then not giving four. So anyway. Kagan. So if we did determine that there was a breach and that the error was plain under the Supreme Court's analysis, what's the remedy here? Is it vacating the sentence and remanding to a different judge for resentencing and resentment below? No, it was not that remedy, because the remedy for – if we determined there was a breach and it wasn't – and it was plain error, what would the remedy be? Then you would move to that next phase about whether there's a violation of substantial rights, and on this record, that can – I respectfully submit there was no violation of substantial rights under both Puckett and Gonzales-Aguilar, because, quote, as Puckett said, if you receive the benefits contemplated by the deal anyway, you are not going to be able to show prejudice. And we would submit that even if the court had started at 37 to 46 months, she had the ability to argue already and did the 24-month sentence that she had. So let me ask a question, the same question a little differently. So if there was a breach of the agreement, assume that knocks out the appeals waiver for a second. So let's just assume we were reviewing this case as if there had been no appeals waiver. What would the appropriate thing to do be? It would be to affirm the sentence, because there was no violation of substantial rights under Puckett and under Gonzales, you have to show a reasonable probability of a different sentence. And we have the benefit of the district court's comments in responding to the Rule 35, which I think we ordinarily don't have. And she said, look, you know, even if I had started out 37 to 46, you're speculating that I would have done anything less. And that's about as strong as it gets, a district court saying, you know, this argument is without merit. So I'd respectfully submit, number one, we are within that plea waiver, because she did receive a sentence in the stipulated range or below it. But if not, I would respectfully ask the Court to affirm, because of the fact that we can demonstrate from the record, based on the district court's comments as well, that the defendant was able to argue all the way down to 24. What other bite at the apple would she really get at sentencing? She's already made her argument. The Court already considered it, said in its discretion, I'm declining to go below 46. That's the Court and the Court in its response to the 35a motion, in its order specifically said, any other suggestion is speculation, which Gonzales says is insufficient. The government didn't clarify the four-level, that the plea agreement had said four-level downward departure for the early disposition, is that right? Didn't clarify it at sentencing? Is the Court, in its response to the Rule 35 motion? I think that in the response to the supplemental citation ruling, the Court said the government said, we would go with the four levels down, but we have the two levels up, so we'd end up in the same spot, is kind of how I think the government articulated it below. Thank you. You have a few seconds left for rebuttal. I would just respectfully ask this Court to dismiss it based on the plea waiver, and if you don't, affirm the sentence because she has not demonstrated a violation of substantial rights. Thank you very much. You can put a minute on the clock, yeah. If I may, I want to make a point that I think we're kind of overlooking here, and that point is that we're going straight to the sentencing range, because the plea agreement refers to the sentencing range, but that's assuming that the sentencing range is accurate. In the plea agreement up above, had my client not qualified for safety valve, then she would have been at a higher level, and the argument would be that the sentencing range would be the higher range for 27. What do you want us to do? I mean, it's sort of a very un-Judge Akutu's question. Let's assume you win. What do you want us to do? We're asking the Court to uphold the agreement that we... Well, you can't ask us to sentence you. Well, I'm sorry. I'm asking you to vacate the sentence and remand to a different judge, and what that But the judge doesn't have to sentence your client, even if that happened to anything less than your client got, right? They don't have to, but they have the ability to look at it again and decide whether 37 to 46 would be appropriate or not. And I'm saying this because we specifically negotiated the four levels for fast track. It has to correspond to the numbers, have to correspond with the sentencing range. And that's where I think I differ from what the Court's been focusing on and what the government has been stating, is that we're still within that sentencing range. But that sentencing range only applies if it's calculated appropriately on the levels that we negotiated, which was four levels for fast track. Thank you. Thank you. All right. The case of Hernandez-Castro, United States v. Hernandez-Castro is submitted.
judges: Ikuta, Hurwitz, Melloy